869 F.2d 594
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Patricia RICHARD, Plaintiff-Appellant,
v.
Caspar W. WEINBERGER, Secretary of Defense of the United
States; Jerald E. Bloom, individually and as director of
the Department of Defense Dependent Schools, Mediterranean
Region; Fred Antrobus, individually and as former principal
of Department of Dependent Schools, Rota, Spain; Keith
Davis, individually and as personnel director of the
Department of Defense Dependent Schools, Mediterranean
Region; Beth Stephens, individually and as Director of the
Department of Defense Office of Dependent Schools,
Defendants-Appellees.
 No. 88-3937.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Dec. 19, 1988.
Decided: Feb. 10, 1989.
 
 Paula Cobb, Cobb & Cobb, on brief for appellant.
 Henry E. Hudson, United States Attorney; Dennis E. Szybala, Assistant United States Attorney, on brief, for appellee.
 Before HARRISON L. WINTER, Chief Judge, and K.K. HALL and JAMES DICKSON PHILLIPS, Circuit Judges.
 PER CURIAM:
 
 
 1
 The issue presented is whether a teacher employed by the Department of Defense at an overseas location is entitled to certain benefits when her husband retired from military service.* The district court ruled that she was not. She appeals and we affirm. We granted plaintiff's motion to submit on briefs.
 
 I.
 
 2
 Patricia Richard accompanied her spouse, who was in military service, when he was assigned to Rota, Spain. There she sought and obtained employment as a teacher at the Department of Defense Dependents Schools (DoDDS) high school in Rota. On October 31, 1984, Mrs. Richard's husband retired from military service, and the couple continued to reside in Spain. Mrs. Richard was not employed during the school year 1985-86 due to declining enrollment. She nonetheless claims living quarters allowance and travel benefits by virtue of her husband's retirement.
 
 II.
 
 3
 We agree with the district court that Mrs. Richard's claims are lacking in merit.
 
 
 4
 The living quarters allowance sought by Mrs. Richard is authorized by 20 U.S.C. Secs. 905 and 906 and 5 U.S.C. Secs. 5922-5925. These statutes vest authority in the President to promulgate regulations defining eligibility, and the President has delegated this authority to the Secretary of State. See Executive Order 10903 (reprinted at 5 U.S.C. Sec. 5921). The Secretary of State has issued the Department of State Standardized Regulations (DSSR) and these have been augmented by the Department of Defense Civilian Personnel Manual, Chapter 592. As the latter sets forth in Sec. 1-1(b), the purpose of the allowance is to recruit citizens living in the United States to accept employment in a foreign area and to retain them as employees. Citizens recruited outside of the United States may receive the allowance only if their residence overseas is attributable to their government employment. See DSSR p 031.12.
 
 
 5
 Under neither the rule nor the exception is Mrs. Richard entitled to the allowance. When employed, she was a dependent spouse of a member of the military already residing in Spain. After her husband's retirement, she and he continued to live in Spain so that her residence there is a result of her own choosing and not a condition of her employment. We do not perceive any other exception to the denial of the allowance that may be construed to apply to Mrs. Richard.
 
 
 6
 Her claim to travel benefits is of no greater merit. As a locally hired married employee who accompanied her husband overseas and who, at the time of hiring, was entitled to return transportation as a dependent of a member of the military, Mrs. Richard was not entitled to travel benefits except upon (a) the death of her husband, (b) divorce or legal separation, or (c) permanent departure of her spouse from the post or area. See Department of Defense Joint Travel Regulations, p 4002.3.b.4. None of these conditions has been met.
 
 
 7
 AFFIRMED.